IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert Payne, ) | |
| ) | Civil Action No. 6:11-1767-DCN-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Jailer Lucas and Charleston County, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the *pro se* plaintiff's motion for a preliminary injunction (doc. 27). The plaintiff, a pretrial detainee at the Charleston County Detention Center ("CCDC"), alleges in his complaint that the defendants will not allow him access to a law library.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

The plaintiff is currently confined at the CCDC following his arrest for discharging a firearm, disorderly conduct, public intoxication, and indecent exposure. The plaintiff states in his motion that he has several cases pending and he needs access to a law library (m. for prelim. inj. at 1). He asks the court to order the defendants to allow him access to a law library, carbon paper, news articles, addresses of news agencies, addresses of county councilmen, and a crime scene map.

The plaintiff is currently pursuing four separate federal lawsuits against the CCDC and its employees, and he has filed several motions for preliminary injunction.

"[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Fed. Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir.1981). To obtain a preliminary injunction, the plaintiff must demonstrate: "(1) that he is likely to succeed on the merits, (2)

that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.*, 555 U.S. 7, 20 (2008); *see Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, at *1 (D.S.C. August 18, 2009) (slip copy) (applying *Winter* standard and noting that the *Blackwelder Furniture Co. v. Seling Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977) balance-of-hardship test no longer applies). *See Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, at *1 (N.D. Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.").

The defendants oppose the motion for a preliminary injunction and submitted answers to the plaintiff's requests to admit wherein they state that inmates have access to legal research through the CCDC's legal liaison, and the plaintiff has utilized the legal liaison on multiple occasions (resp. m. for prelim. inj., ex. A, answers to requests to admit, no. 3). Also, pursuant to federal law, the CCDC provides immigration detainees a computer loaded with software to allow immigration detainees to research immigration law, but not criminal law (*id.*, answers to requests to admit, no. 1).

The defendants have also submitted the affidavit of Michael Tice, Captain of Security at the CCDC, in support of their opposition. According to Mr. Tice, the plaintiff has access to newspaper subscriptions if his family or friends buy them; there is a phonebook at the detention center in order for inmates to obtain addresses and phone numbers; inmates can purchase writing supplies at the canteen; and the canteen does not provide carbon paper as it is a security risk (Tice aff. ¶¶ 5-12). Furthermore, with regard to the plaintiff's request for access to a crime scene map, at the CCDC, each inmate is supplied with a gray box to store personal items in their cell. The personal items of an inmate in a cell must fit in this gray box. Any excess personal items that do not fit within the gray box are removed from the inmate's cell and stored with the inmate's personal property. The reason for this policy is to reduce the amount of items stored by an inmate within his cell, which in turn reduces safety risks within the detention center. An inmate may make a request to

view the personal property stored outside his cell. When this request is made, the inmate is brought his personal property and allowed to either review it and give it back to the detention officers or swap it out for items in his gray box. However, all items kept by the inmate must be able to be stored within the gray box (*id.* ¶¶ 13-18).

As noted above, the plaintiff has access to addresses, newspaper articles, and legal research. Further, with regard to his request that the defendants create a research law library available to all inmates, such would place a huge burden on a detention center with limited resources. As to his request for carbon paper, the CCDC has determined this is a safety risk. The plaintiff has not shown that he is entitled to injunctive relief. Accordingly, the motion (doc. 27) should be denied.

s/Kevin F. McDonald
United States Magistrate Judge

December 27, 2011
Greenville, South Carolina