IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert Payne, <br><br> Plaintiff, <br><br> vs. <br><br> Jailer Lucas, Charleston County, <br><br> Defendants. | Civil Action No. 6:11-cv-01767-DCN-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendants' motion to dismiss for failure to state a claim (doc. 19). The plaintiff, a detainee at the Charleston County Detention Center ("CCDC") proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. In his complaint (doc. 1), he alleges denial of law library, denial of equal access to courts, and access to counsel.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff is currently confined at the CCDC following his May 29, 2011, arrest for discharging a firearm, disorderly conduct, public intoxication, and indecent exposure. On October 24, 2011, the defendants filed their motion to dismiss for failure to state a claim. By order filed October 25, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response in opposition to the defendants' motion to dismiss on December 21, 2011, and the defendants filed a reply on December 23, 2011.

The defendants argue that dismissal of the instant action is appropriate as the plaintiff has failed to allege any injury or specific harm that would entitle him to relief. This court agrees. The right of access to the courts is protected by the Due Process and Equal Protection Clauses. *Murray v. Giarratano*, 492 U.S. 1, 11 n.6 (1989). In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court held that the right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id*. at 828. Further, the state must provide an indigent inmate with sufficient paper and writing materials to allow inmates to draft legal documents. *Id.* at 824-25. However, the plaintiff is housed at a local detention center. The United States Court of Appeals for the Fourth Circuit has ruled that the Constitution of the United States does not require every local jail even to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir.1987). County jails are generally short-term facilities, wherein "the brevity of confinement does not permit sufficient time for petition to courts." *Id.*

In *Lewis v. Casey*, 518 U.S. 343, 349 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. This requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access. *Id.* at 352-53. "[T]he right of access to legal materials is simply an offshoot of the right of access to court, because the Court's main concern is protecting the ability of the inmate to prepare a petition or complaint. . . . The right of access to legal materials does not mean that inmates are entitled to receive an unlimited supply of such paper and writing implements." *Lockamy v. Dunbar*, C.A. No. 5:08-150, 2010 WL 412816, at **17-18 (E.D. Tex. Jan. 28, 2010) (citations omitted).

In his response in opposition to the motion to dismiss, filed December 21, 2011, the plaintiff contends that his pencils, erasers, pen, postage paid envelopes, writing

2

paper, and all legal documents were "stolen" by the defendants, and thus he is unable to appropriately respond to the motion to dismiss. Since the filing of that response, the plaintiff has filed nine additional cases in this court and has filed numerous motions for preliminary injunction in his many pending cases. The plaintiff has not and cannot allege or show any actual injury resulting from the alleged denial of access to the court. Furthermore, his numerous filings demonstrate his ability to secure adequate supplies.

Based upon the foregoing, the motion to dismiss for failure to state a claim (doc. 19) should be granted *with prejudice* and should be counted as a strike pursuant to 28 U.S.C. § 1915(g).[1] Should the district court adopt this recommendation, any pending nondispositive motions will be rendered moot.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

March 2, 2012
Greenville, South Carolina

---

[1]The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.